# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES D. WILLIAMS, | ) | 1:08cv546 AWI DLB |
| | ) | |
| Plaintiff, | ) ) ) | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AS MOOT |
| v. | ) ) | (Document 29) |
| PORTERVILLE POLICE DEPARTMENT et.al., | ) ) | |
| Defendants. | ) ) ) ) | |

　　　　Plaintiff Charles D. Williams, a state prisoner proceeding pro se and in forma pauperis, filed the instant civil rights action on April 21, 2008. A discovery scheduling order issued on February 19, 2009.

　　　　On September 9, 2009, pursuant to Plaintiff's request, the Court issued a subpoena duces tecum to the Visalia Parole Office seeking records relating to Plaintiff's parole.

　　　　On September 23, 2009, Plaintiff filed a motion to compel production under the subpoena. He explained that he received a response from the California Department of Corrections and Rehabilitation ("CDCR"), the custodian of records, in which Greg Lee declared that Plaintiff was discharged from parole on January 3, 2008, as a parole violator with a new term. Mr. Lee explained that because CDCR policy requires records to be retained for only 120 days after

discharge, Plaintiff's records were not available.  Plaintiff disagreed with the finding that he was released from parole on January 3, 2008, because he had been in prison since 2006.[1]

CDCR opposed the motion on October 29, 2009, explaining that Plaintiff's parole records were contained in his file at Mule Creek State Prison ("MCSP"), where he is incarcerated. According to CDCR, Plaintiff faxed a subpoena to MCSP on October 7, 2009, requesting production of the documents.  Although CDCR set forth numerous boilerplate objections in their response, they nonetheless state, "Notwithstanding the objections set forth above, and subject thereto, Mule Creek State Prison will produce to plaintiff non-confidential parole documents in its possession relating to Charles David Williams, Jr."  CDCR indicated that documents were sent to Plaintiff under separate cover.

Accordingly, Plaintiff's motion to compel IS DENIED AS MOOT.  The motion is denied without prejudice, however, and may be brought again if necessary.

The Court notes that the discovery deadline has passed, though discovery potentially subject to this motion to compel is excluded from the deadline.  The dispositive motion deadline is December 17, 2009.  Insofar as Plaintiff requests that a trial date be set, the Court will address trial issues after the dispositive motion deadline passes.

IT IS SO ORDERED.

Dated:   **November 9, 2009**            **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that Plaintiff was discharge from parole on January 3, 2008, as a "parole violator with a new term."  That he was released from parole for a prior offense does not affect the validity of his current prison term.