IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DAVID WILLIAMS, Jr., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> DOMINIC BARTEAU, and the ) <br> PORTERVILLE POLICE ) <br> DEPARTMENT, ) <br> ) <br> ) <br> Defendants. ) <br> _____) | 1:08-CV-546  AWI DLB <br> <br> ORDER ON PLAINTIFF'S <br> MOTION FOR <br> RECONSIDERATION <br> <br> (Doc. Nos. 66, 69) |

On March 22, 2010, the Court granted Defendants' motion for summary judgment. See Court's Docket Doc. No. 61. On April 5, 2010, Plaintiff filed a motion for reconsideration. See Court's Docket Doc. No. 69.[1]  On April 6, 2010, Plaintiff filed a notice of appeal. See id. at Doc. No. 64. On April 21, 2010, the Ninth Circuit issued an order clarifying that Plaintiff's appeal is ineffective until this Court rules on Plaintiff's April 5 reconsideration motion.[2] See id. at Doc. No. 70.

---

[1] Due to apparent clerical error, the April 5 motion was not filed until April 13, 2010.

[2] Plaintiff does not identify the procedural mechanism through which he seeks reconsideration. Reconsideration of a summary judgment order may be sought through either Rule 59 or Rule 60. See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985). Because Plaintiff's motion was filed within ten days of entry of judgment, the Court construes the motion as brought under Rule 59(e).

**LEGAL STANDARD – Rule 59(e)**

Federal Rule of Civil Procedure 59(e) provides a mechanism for a court to alter, amend, or vacate a prior order. See Fed. R. Civ. Pro. 59(e); Hamid v. Price Waterhouse, 51 F.3d 1411, 1415 (9th Cir. 1994). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003); Kona Enters. v. Estate of Bishop, 229 F.3d 877, 890-91 (9th Cir. 2000). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). In other words, where a party presents no arguments in the motion for reconsideration that had not already been raised in opposition to summary judgment, Rule 59(e) relief may be denied. Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989); Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985). "Rule 59(e) amendments are appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Dixon v. Wallowa County, 336 F.3d 1013, 1022 (9th Cir. 2003); Kona Enters., 229 F.3d at 890. This standard is a "high hurdle." Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001). Rule 59(e) motions "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009); Carroll, 342 F.3d at 945. Stated differently, Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures [or] allow a party to introduce new evidence or advance new arguments that could and should have been presented to the district court prior to the judgment." Dimarco-Zappa v. Cabanillas, 238 F.3d 25, 34 (1st Cir. 2001).

**PLAINTIFF'S ARGUMENT**

Plaintiff argues that he is entitled to reconsideration because the Court improperly weighed evidence, did no properly consider evidence that he was the sole occupant of the garage

(including that Plaintiff's father knocked on the garage door), relied on a rule of civil procedure that does not apply, and the undersigned may be biased against him because the undersigned ruled on Plaintiff's habeas corpus petition.[3]  See id. at Doc. No. 69.  With respect to weighing evidence, Plaintiff contends that his father is the person who answered the door and not his daughter; thus, the officer did not have consent to enter.  See id.

## DISCUSSION

With respect to bias, Plaintiff's civil suit against Defendants was filed on April 21, 2008. See id. at Doc. No. 1.  Plaintiff filed his habeas corpus petition in this Court on September 9, 2008.  See Document No. 1 in 1:08-cv-1336 AWI DLB.  The Court adopted Findings and Recommendations on May 4, 2009, and denied reconsideration on June 8, 2009.  See Document Nos. 30, 38 in 1:08-cv-1336.  The Court granted summary judgment in Plaintiff's civil case approximately nine months later, on March 22, 2010.  Not until April 5, 2010, did Plaintiff suggest that the undersigned was biased or should not be assigned to his civil case against Defendants.  Cf. Marlyn Nutraceuticals, 571 F.3d at 880; Carroll, 342 F.3d at 945.  Plaintiff cites no authority that would require the Court to disqualify itself on the basis alleged.  Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible."  Liteky v. United States, 510 U.S. 540, 555 (1994); Pesnell v. Arsenault, 543 F.3d 1038, 1044 (9th Cir. 2008).  Such a basis for recusal arises only "in the rarest of circumstances." Liteky, 510 U.S. at 555.  Plaintiff has not shown that this case falls within those circumstances.[4] Reconsideration on this basis is not appropriate.

With respect to the declaration of Melissa and the argument that Plaintiff's evidence established that he was the "sole occupant" of the garage, Plaintiff is simply restating the same arguments that the Court previously rejected.  Plaintiff's brief reiteration of these same arguments does not change the result, and reconsideration is not appropriate.  See Taylor, 871

---

[3] The Court takes Plaintiff to argue that it committed "clear error" when it granted summary judgment.

[4] Further, the Court can say that it in no way considered, and was in no way influenced by, Plaintiff's habeas corpus case when it decided Defendants' summary judgment motion.

3

F.2d at 805; Backlund, 778 F.2d at 1388; Westlands Water, 134 F.Supp.2d at 1131.

With respect to Plaintiff's argument that the Court resolved credibility issues, that assertion is incorrect. In the reconsideration motion, Plaintiff states his father was the person who answered the door and not Melissa. However, Plaintiff never said this in his opposition.[5] Plaintiff submitted the declaration of his father and submitted his own declaration. Plaintiff stated in opposition that there was a conflict in Melissa's declaration and his father's declaration, but he never said what the conflict was and the conflict was not apparent from the declarations. Plaintiff never argued that Melissa did not speak to the officers, never argued that Melissa did not give the officers permission to enter and arrest, and never argued that Melissa did not answer the door or did not speak to the officers at the door. If Plaintiff had presented such evidence, or provided evidence that his father informed the officers that Melissa could not give consent, then the result of the motion likely would have been different. Plaintiff did not. Plaintiff's evidence to the Court in opposition to summary judgment did not address whether Melissa gave consent to enter and arrest. Reconsideration is not appropriate. See Marlyn Nutraceuticals, 571 F.3d at 880; Carroll, 342 F.3d at 945; Dimarco-Zappa, 238 F.3d at 34.

## **CONCLUSION**

Plaintiff asks the Court to reconsider the order granting Defendants summary judgment. However, Plaintiff's arguments for reconsideration: (1) fail to show bias; (2) reiterate two arguments that the Court previously rejected; and (3) improperly make a new argument that was not made previously, but could have been made. Reconsideration is inappropriate.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   April 30, 2010**              /s/ Anthony W. Ishii
                          CHIEF UNITED STATES DISTRICT JUDGE

---

[5] The Court notes that even this statement, that Plaintiff's father answered the door and not Melissa, fails to assert that Melissa did not give the officers permission to enter and arrest at some point.

4